```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA                        :
                                                :
           -v-                                  :    20-CR-135-3 (JMF)
                                                :
STEVEN JUSTO,                                   :    MEMORANDUM OPINION
                                                :    AND ORDER
                          Defendant.            :
                                                :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On March 18, 2024, Defendant Steven Justo filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. *See* ECF No. 774. "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the Guideline range, as amended, the defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

In light of the foregoing, Defendant is ineligible for a reduction in his sentence. For one thing, Defendant was sentenced to the mandatory minimum of 120 months' imprisonment. Amendment 821 does not permit the Court to reduce his sentence below that threshold. *See, e.g.*,

*United States v. Vizcaino*, No. 20-CR-241 (RMB), 2024 WL 922817, at *2 (S.D.N.Y. Mar. 4, 2024). For another, Defendant's sentence was below the low end of the Guidelines range, as amended. At sentencing, Defendants' offense level was 31 and his Criminal History Category was III, yielding a Guidelines range of 135 to 168 months' imprisonment. *See* ECF No. 526, at 4. Had Amendment 821 been in effect, Defendants' Criminal History Category would have been II (because he would not have received "status" points) and his Guidelines range would have been 121 to 151 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. His sentence of 120 months' imprisonment, however, fell below the low end of that range.[1]

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

For the foregoing reasons, Defendants' motion is DENIED. The Clerk of Court is directed to terminate ECF No. 774 and to mail a copy of this Memorandum Opinion and Order to:

> STEVEN OSCAR JUSTO
> Register No. 72463-050
> FCI Fort Dix/Camp
> Federal Correctional Institution
> P.O. BOX 2000
> Joint Base MDL, NJ  08640

SO ORDERED.

Dated: March 20, 2024
       New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] In his motion, Defendant states that his offense level was 28 and that the Guidelines range, as amended, would be 87 to 108 months' imprisonment. *See* ECF No. 774, at 5. That is incorrect, both because his offense level was 31 and because of the 120-month mandatory minimum. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").